IN THE CIRCUIT COURT ____ OF CLARK COUNTY
STATE OF INDIANA

DAKOTA LEE SMITH )
    PLAINTIFF )
v. )   CASE NO. 10C___-21__-___-____
 )
 )
CLARK COUNTY SHERIFF'S OFFICE )
    DEFENDANT )
and )
SHERIFF JAMEY NOEL )
    DEFENDANT )
and )
DEPUTY DONOVAN HARROD )
    DEFENDANT )
JEFFERSONVILLE POLICE DEPARTMENT )

    DEFENDANT )
and )
CHIEF KENNY KAVANAUGH )
    DEFENANT )
and )
DETECTIVE DAN LAWHORN )
    DEFENDANT )
and )
DETECTIVE THOMAS O'NEIL )
    DEFENDANT )
and )
SERGEANT DENVER LEVERETT )
    DEFENDANT )
and )
OFFICER LEVI JAMES )
    DEFENDANT )
and )
OFFICER ANDREW WASSEL )
    DEFENDANT )
and )
PROSECUTING ATTORNEY JEREMY T. MULL )
    DEFENDANT )
and )
DEPUTY PROSECUTOR TIMOTHY CURRY )
    DEFENDANT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, DAKOTA LEE SMITH, by Counsel, William A. Gray and Michaelia S. Gilbert, and for her Claim states as follows:

### I. JURISDICTION AND VENUE

1. This action is brought against Defendants in their personal and professional capacity under common law tort recognized in the State of Indiana, and under U.S.C. 42 § 1983.
2. The events that form the basis of this complaint occurred in Clark County, Indiana.

### II. PARTIES

1. At all times relevant to this complaint, Dakota Lee Smith, was a Black adult resident of Cook County, Illinois, who recently returned to Clark County, Indiana.
2. At all times relevant to this complaint, the Clark County Sheriff's Office was a law enforcement agency operating in Clark County, Indiana headquartered at 501 East Court Avenue Jeffersonville, Indiana 47130.
3. At all times relevant to this complaint, Deputy Donovan Harrod was employed by the Clark County Sheriff's Office.
4. At all times relevant to this complaint, Sheriff Jamey Noel was the elected official in charge of the Clark County Sheriff's Office.
5. At all times relevant to this complaint, the Jeffersonville Police Department was a law enforcement agency operating in Clark County, Indiana headquartered at 2218 East 10th Street Jeffersonville, Indiana 47130.
6. At all times relevant to this complaint, Chief Kenny Kavanaugh was the Chief of Police for the Jeffersonville Police Department.
7. At all times relevant to this complaint, Detective Dan Lawhorn was employed by the Jeffersonville Police Department.
8. At all times relevant to this complaint, Detective Thomas O'Neil was employed by the Jeffersonville Police Department.
9. At all times relevant to this complaint, Sergeant Denver Leverett was employed by the Jeffersonville Police Department.
10. At all times relevant to this complaint, Officer Levi James was employed by the Jeffersonville Police Department.
11. At all times relevant to this complaint, Officer Andrew Wassel was employed by the Jeffersonville Police Department.
12. At all times relevant to this complaint the Clark County Prosecutor's Office was a law enforcement agency operating in Clark County, Indiana located at 501 East Court Avenue Suite 215 Jeffersonville, Indiana 47130.
13. At all times relevant to this complaint Jeremy T. Mull was the elected official in charge of the Clark County Prosecutor's Office and the supervising attorney of Deputy Prosecuting Attorney Timothy Curry.
14. At all times relevant to this complaint, Deputy Prosecuting Attorney Timothy Curry was employed by the Clark County Prosecutor's Office.
15. At all times relevant to this complaint Taren Grace Smith was the biological sister of Dakota Lee Smith and had a last known address of 511 South 5th Street Louisville, Kentucky 40202. Taren Grace Smith is now deceased.

III. FACTS

1. On or about February 11, 2020, in Clark County, State of Indiana, an individual (now known to be Taren Grace Smith) was arrested by Officer Levi James and/or Officer Andrew Wassel of the Jeffersonville Police Department who were assisting Deputy Donovan Harrod of the Clark County Sheriff's Office in a narcotics investigation – specifically a controlled buy of alleged heroin. Detective Dan Lawhorn, Detective Thomas O'Neil and Sergeant Denver Leverett also assisted.
2. During the course of this investigation, Taren Grace Smith provided the identifying information of her sister, Dakota Lee Smith, and continued to use this information when being booked into the Clark County Jail on charges of Possession of Cocaine or a Narcotic Drug, Trafficking with an Inmate, and Possession of Cocaine or a Narcotic Drug.
3. During the course of the investigation and controlled buy it should have been obvious to officers that the individual identifying herself as Dakota Lee Smith was in fact Taren Grace Smith. Specifically, Deputy Donovan Harrod claimed to have a "reliable confidential human source" who stated that they identified a female on the phone call as the investigation's target's, Ameer Ellis, girlfriend, who was in fact Taren Grace Smith.
4. Additionally, had Deputy Donovan Harrod or any other office involved in the investigation done their due diligence in investigating the target of controlled buy prior to initiating it on February 11, 2020, said officers would have known the girlfriend's identity to be Taren Grace Smith instead of Dakota Lee Smith.
5. Further, after conducting a traffic stop in order to effectuate the arrest of Ameer Ellis and the female claiming to be Dakota Lee Smith, both Ameer Ellis and the girlfriend claimed to have a child in common. It is known that Taren Grace Smith did have a child in common with Ameer Ellis whereas Dakota Lee Smith has no children in common with Ameer Ellis.
6. Further, Taren Grace Smith had previous contact with law enforcement resulting in a conviction in Case No. 10I01-1506-CM-000553, and thus her identifying information was available to officers.
7. It should also be noted that in Case No. 10I01-1506-CM-000553, Taren Grace Smith's bond was posted by Ameer Ellis further establishing that the relationship was known to law enforcement.
8. Despite having not been a party to the alleged controlled buy on February 11, 2020, the Clark County Prosecutor's Office filed charges against Dakota Lee Smith in Case No. 10C02-2002-F4-010 for the offenses of Dealing in a Narcotic Drug (Level 4 Felony) and Possession of a Narcotic Drug (Level 6 Felony) on February 20, 2020, and sent a summons for an Initial Hearing on May 20, 2020, to Dakota Lee Smith on or about March 3, 2020.
9. On May 20, 2020, Dakota Lee Smith entered a plea of not guilty, informed the judge of the Clark Circuit Court No. 2 that she had been wrongly charged, and was appointed a public defender. The case was ultimately assigned to attorney William A. Gray on or about May 26, 2020.
10. Further, on May 20, 2020, Dakota Lee Smith made a report to the Jeffersonville Police Department regarding her sister's use of her name during the commission of the alleged February 11, 2020, drug deal (report no. 2020-28214) providing additional notice to the Clark County Prosecutor's Office and the Jeffersonville Police Department that she was not a party to the crimes allegedly committed on February 11, 2020.

11. Upon speaking to his client, it became apparent to William A. Gray that the Clark County Sheriff's Office and the Jeffersonville Police Department had identified the wrong individual and the Clark County Prosecutor's Office had filed false charges against Dakota Lee Smith.
12. William A. Gray obtained identifying information from his client, including a description of her tattoos to compare to the tattoos on Taren Grace Smith's body which were listed on her Inmate Commitment Form completed on February 11, 2020. This information was provided to the Clark County Prosecutor's Office, by way of its Deputy Prosecuting Attorney, Timothy Curry, via email on June, 29, 2020.
13. William A. Gray received a reply from Timothy Curry on July 2, 2020, that he would follow up on the issue and have the investigator at the Clark County Prosecutor's Office look into the matter. William A. Gray again emailed Deputy Prosecutor Timothy Curry regarding the misidentification of Dakota Lee Smith and Taren Grace Smith on August 17, 2020, but Deputy Prosecutor Timothy Curry still failed to take any action to correct the charge to reflect the correct defendant or to notify the Clark Circuit Court No. 2 of the error.
14. Further, neither the Clark County Sheriff's Office or the Jeffersonville Police Department have made any efforts to correct the false probable cause affidavit based upon each agency's deficient investigation which was filed against Dakota Lee Smith and included in with the Clark County Prosecutor Office's charges.
15. On September 14, 2020, Taren Grace Smith died.
16. Notices of Tort Claim were served upon the parties on or about September 21 and 22, 2020.
17. On September 25, 2020, Deputy Prosecuting Attorney Timothy Curry amended the charges filed against Dakota Lee Smith to include Taren Grace Smith. However, he indicated that Taren Grace Smith was "also known as" Dakota Lee Smith despite there being no evidence that Taren Grace Smith routinely used her sister's name. Attached to the proposed amendment was a supplemental probable cause affidavit by Investigator Donald Bowyer of the Clark County Prosecutor's Office. This supplement probable cause affidavit included references to the report made by Dakota Lee Smith on May 20, 2020; however, it made no mention of the fact that Taren Grace Smith was deceased.
18. On October 12, 2020, a hearing was held regarding Defendant's objection to the amended charges on the basis that the amendment would still cause the charges to be associated with Dakota Lee Smith. At said hearing, attorney Michaelia S. Gilbert notified the State that Taren Lee Smith had died prior to the filing of the amendment and presented the Clark Circuit Court No. 2 and Deputy Prosecuting Attorney Timothy Curry with the obituary of Taren Grace Smith. Deputy Prosecuting Attorney Timothy Curry made statements that implied that the obituary and any Facebook posts regarding the death of Taren Grace Smith could have been fabricated and further implied that Dakota Lee Smith should obtain her sister's death certificate to prove that she had in fact died.
19. On October 13, 2020, the State of Indiana dismissed the charges in 10C02-2002-F4-010. However, said charges are still associated with Dakota Lee Smith and appear in public record search results.
20. Further, on October 13, 2020, Deputy Prosecuting Attorney filed charges against Taren Grace Smith in Case Number 10C02-2010-F4-054 despite having been notified the previous day that Taren Grace Smith Died on September 14, 2020. Said filing caused additional infliction of emotional distress upon Dakota Lee Smith.
21. On October 30, 2020, Deputy Prosecuting Attorney filed a Motion to Dismiss Case 10C02-2010-F4-054 with the stated reason for the dismissal as the "Defendant is

      deceased," even though it was known that the Defendant was deceased when the charges were filed.

22. Due to the continued negligence and dereliction of duty of the Clark County Sheriff's Office, Jeffersonville Police Department and Clark County Prosecutor's Office, Dakota Lee Smith was terminated from her employment at United Airlines, and struggled to obtain employment as the false and fictitious charges continue to appear on her criminal history reports. She has also suffered harm to her reputation as the charges are still associated with her name in any public records search of court records in the State of Indiana.

WHEREFORE, the Plaintiff requests the following relief:

1. An award of damages under 42 U.S.C. § 1983 for violation of Dakota Lee Smith's Civil Rights;
2. An award of compensatory damages for personal injuries resulting from malicious prosecution, defamation of character, intentional infliction of emotional distress and negligent infliction of emotional distress;
3. Damages sufficient to compensate Dakota Lee Smith for all lost wages and benefits;
4. An award of reasonable punitive damages;
5. Expungement of all records related to 10C02-2002-F4-010;
6. Trial by jury on all matters triable thereto;
7. Attorney fees as allowed by statute as well as costs;
8. An award of pre and post-judgment interest and all other relief Plaintiff is entitled to under the statutes and common law in this matter or that the Court deems just and proper.

*I affirm under the penalties of perjury that the foregoing statements are true the best of my knowledge and ability.*

_____
DAKOTA LEE SMITH

This Instrument Prepared By:

_____
Michaelia S. Gilbert
Law Office of Michaelia S. Gilbert, LLC
224 East Court Avenue
Jeffersonville, Indiana 47130
812-914-2309
Attorney No. 29924-10

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing pleading(s) and/or document(s) was (were) served upon the following named party or attorney of record on or before date of filing either by efiling, personal service, service by Sheriff, or by depositing same in the United States mail in envelopes properly addressed with sufficient first-class postage prepaid:

Clark County Sheriff's Office, 501 East Court Avenue, Jeffersonville, Indiana 47130
Sheriff Jamey Noel, 501 East Court Avenue, Jeffersonville, Indiana 47130
Deputy Donovan Harrod, 501 East Court Avenue, Jeffersonville, Indiana 47130
Jeffersonville Police Department, 2218 East 10th Street, Jeffersonville, Indiana 47130
Chief Kenny Kavanaugh, 2218 East 10th Street, Jeffersonville, Indiana 47130
Detective Dan Lawhorn, 2218 East 10th Street, Jeffersonville, Indiana 47130
Detective Thomas O'Neil, 2218 East 10th Street, Jeffersonville, Indiana 47130
Sergeant Denver Leverett, 2218 East 10th Street, Jeffersonville, Indiana 47130
Officer Levi James, 2218 East 10th Street, Jeffersonville, Indiana 47130
Officer Andrew Wassel, 2218 East 10th Street, Jeffersonville, Indiana 47130
Jeremy T. Mull, Clark County Prosecuting Attorney, 501 East Court Avenue Suite 215, Jeffersonville, Indiana 47130
Deputy Prosecuting Attorney Timothy Curry, 501 East Court Avenue Suite 215, Jeffersonville, Indiana 47130

_____
Michaelia S. Gilbert, 29924-10